Reese, J.
delivered the opinion of the court.
This bill was filed for a general account of the administration of James Torbet, deceased, but in its progress became narrowed down to a claim for the value of the hire of a negro girl slave, named Cynthia, from 1828, the time of the death of James Torbet, till 1840, the time of the death of one Margaret Hall, upon whose death the negro became, by limitation in a deed set out in the record, the property of one John Hall. The claim of the complainants is based upon this, that on the intermarriage'of James Torbet with the daughter of one James Hall, *216 the owner of the said girl for the life of his wife Margaret, the said Hall made a parol gift of this girl to Torbet and wife, and placed her in their possession, where she remained till the death of Torbet, being a period of five or six years. After Torbet’s death, James Hall took this negro girl and Torbet’s children to his house, reserved his claim of the negro girl, and the administrators of Torbet permitted the negro to continue in the possession of Hall, claiming her as his own, till by operation of the statute of limitations, the title became vested in him exclusively. The loss arising from their neglect to bring suit, is a loss of their own, as complainants insist, and they seek an account on that ground. The fact of a parol gift and delivery of possession to Torbat and wife is, we think, well established by the testimony. This was before the act of 1831, and therefore at a time when such gift, accompanied by possession, was valid. This being the state of the fact, we deem it equally clear, that nothing has been shown in the case which in point of law will throw off from the defendants the responsibility of accounting for the value of the property. It was, to be sure, a family transaction, and the property would ultimately belong in remainder to John Hall. Still, their title was good for the life of Mrs. Margaret Hall and it was their duty to look after that. No doubt there was an entire absence of fraud and of all mala jides, but not of all neglect in the transaction. For this neglect, they were held by the Chancellor to be responsible: but under all the circumstances of the case, the honorable Chancellor, we are satisfied, adopted a principle of accountability somewhat too stem and rigid, namely, that the annual value and the interest thereon should be computed together from year to year. The defendants are not guardians, and there is no law prescribing this mode of computation. The Court of Chancery may adopt it, in cases of fraud on the part of the trustee; or crassa negligentia amounting thereto, or where he has had funds in his hands and probably profited by them, or has failed to make a frank disclosure. In these cases, and in cases of like description, this mode of computing the interest may be proper: but not in a case bearing the aspect and attended by the circum *217 stances of that before us in the record. To make the party account for the 'full value, with interest, is a measure of justice sufficiently stern, without subjecting him to compound interest. Let that be corrected.
There is, also, on the face of the final decree, a mistake against the defendants of ninety dollars and ten cents. The decree on the face of it shows that it was the purpose and object of the Chancellor to make the defendants liable for the hire during the life only of Mrs. Margaret Hall. That, with interest computed as above, to March, 1843, amounted to five hundred and ninety-nine dollars and eighteen cents. But the clerk, as he was ordered, computed the value of the hire after the death of Margaret Hall and while she was in possession of John Hall’s family, from May, 1840, to March, 1843, which, with interest, amounted to ninety dollars. To show a general aggregate, this was added to the other, making six hundred and eighty-nine dollars and twenty-eight cents; and this sum the court took by mistake as the basis of defendants’ liability, although the decree declares that John Hall, being owner, was not liable for any thing. This must be corrected; and the defendants must not be held liable for thé costs of the administrators of Blair, who was co-administrator of Torbet. They should recover no costs. The defendants will pay the balance of the costs in the Chancery Court, and the one half the costs in this court. The other half must be paid by the complainant and Blair’s costs in the first action.